

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| KIMBERLY D. CROSSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTH COUNTRY FEDERAL CREDIT UNION; ROBERT MORGAN, CEO; MELISSA JEWETT | ) ) ) | Case No. 5:21-cv-68 |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW SOLL; SOCIAL SECURITY ADMINISTRATION | ) ) | Case No. 5:21-cv-71 |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF BRIGHTON ISLAND POND; JOEL T. COPE; MICHAEL STRAIT; JEFFREY NOYES | ) ) ) | Case No. 5:21-cv-72 |
| | ) | |
| v. | ) | |
| | ) | |
| T.J. DONOVAN | ) | Case No. 5:21-cv-76 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT MCKENNA; HUGH O'DONNELL; SEAN BRENNAN; MATTHEW BIRMINGHAM | ) ) ) | Case No. 5:21-cv-77 |
| | ) | |
| v. | ) | |
| | ) | |
| MARY HARE; JEFFREY HARE | ) | Case No. 5:21-cv-78 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL HARRINGTON | ) | Case No. 5:21-cv-79 |
| | ) | |
| v. | ) | |
| | ) | |

| | | |
|---|---|---|
| VERMONT LEGAL AIDE; KELLI KAZMARKI; JESSICA RADFORD | ) ) ) ) | Case No. 5:21-cv-80 |
| v. | ) ) | |
| VERMONT STATE POLICE; AMY BOSARE; JASON LATERNEAU | ) ) ) ) | Case No. 5:21-cv-81 |
| v. | ) ) | |
| KATHRYN PIPER; PIPER LAW FIRM | )) ) | Case No. 5:21-cv-82 |
| v. | ) ) | |
| T.J. DONOVAN; NORTHEAST KINGDOM HUMAN SERVICES MENTAL HEALTH; DEVIL; PHIL SCOTT; VERMONT STATE REPS | ) ) ) ) ) ) | Case No. 5:21-cv-88 |
| v. | ) ) | |
| WINDHAM COUNTY PROBATE COURT; T.J. DONOVAN; RAYMOND MASSUCCO; STEVEN ANKUDA | ) ) ) ) | Case No. 5:21-cv-89 |
| v. | ) ) | |
| VERMONT DEPARTMENT OF CHILDREN AND FAMILY SERVICES; COMMISSIONER OF ADULT PROTECTIVES; DEVIL; T.J. DONOVAN; PHIL SCOTT; VERMONT STATE REPS, | ) ) ) ) ) ) | Case No. 5:21-cv-90 |
| v. | ) ) | |
| TOWN OF BELLOWS FALLS; SCOTT PICKUP; SINETTE; DAVID BEMIS; RAYMOND MASSUCCO; STEVEN ANKUDA; T.J. DONOVAN; PHIL SCOTT; STATE REPS; BRATTLEBORO VERMONT PROBATE COURT; BRATTLEBORO VERMONT PROBATE COURT JUDGE; BRATTLEBORO VERMONT PROBATE COURT ADMIN, | ) ) ) ) ) ) ) ) ) ) ) | Case No. 5:21-cv-91 |
| v. | ) | |

2

| | | |
|---|---|---|
| ADAM DIONNE | ) | Case No. 5:21-cv-92 |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN J. BICKFORD; DEVIL, | ) | Case No. 5:21-cv-93 |
| | ) | |
| v. | ) | |
| | ) | |
| VERMONT DEPARTMENT OF LABOR; ERIC HARRINGTON; MICHELE BROWN; ROGER V.; T.J. DONOVAN; PHIL SCOTT; BERNIE SANDERS; GAIL IRELAND; PATRICK LEAHY; PETER WELCH; DEVIL; DIRK ANDERSON; STATE REPS; GOVERNMENT OFFICIALS, | ) | Case No. 5:21-cv-94 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES POSTAL SERVICE; STEVE WRIGHT; AARON WHITCOMB, | ) | Case No. 5:21-cv-97 |
| | ) | |
| Defendants. | ) | |

## ORDER OF DISMISSAL

In March 2021, Plaintiff Kimberly D. Crosson, representing herself, submitted eighteen proposed Complaints. She sought to proceed *in forma pauperis* ("IFP"), or without prepayment of fees, under 28 U.S.C. § 1915. By Order dated May 25, 2021, because Plaintiff's applications made the showing required under 28 U.S.C. § 1915(a), her requests to proceed IFP were granted. The court dismissed all of the proposed Complaints under 28 U.S.C. § 1915(e)(2)(B). In light of Plaintiff's self-represented status, Plaintiff was provided an opportunity to amend her pleadings on or before June 25, 2021, and warned that failure to file an Amended Complaint would result in closure of the cases. To date, no further filings have been received. Consequently, these cases are DISMISSED; the Clerk of Court is directed to close the case files.

Ms. Crosson has now sought IFP status in the District of Vermont on 28 occasions. In each of those cases, the court granted the IFP motions, however, the proposed Complaints were

3

dismissed after the required review under 28 U.S.C. § 1915(e)(2)(B). District courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks omitted); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.") (internal quotation marks omitted). Thus, the court may prohibit an individual from filing new actions in the venue when he or she "abuse[s] the process of the [c]ourts to harass and annoy others with meritless, frivolous, vexatious[,] or repetitive [filings.]" *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981). In light of her history of filing groundless lawsuits, Ms. Crosson is warned that future frivolous filings in this District may result in a filing injunction.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 6th day of July 2021.

Geoffrey W. Crawford, Chief Judge
United States District Court